IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA WATSON, individually, and
DAVID WATSON, as special administrator
and personal representative of the estate of
ROYCE SIDNEY WATSON, deceased                                              PLAINTIFFS


v.                                      Case No. 4:18-cv-4158


SOUTHWEST ARKANSAS ELECTRICAL
COOPERATIVE CORPORATION and
JASON RAY ALEXANDER                                                        DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants Southwest Arkansas Electrical Cooperative Corporation and Jason Ray Alexander's Motion for Summary Judgment. (ECF No. 13). Plaintiffs Linda Watson and David Watson have filed a response. (ECF No. 16). Defendants have filed a reply. (ECF No. 17). The Court finds the matter ripe for consideration.

### I. BACKGROUND

This case arises from a motor vehicle collision that occurred on April 16, 2018, in Texarkana, Arkansas. Royce Watson ("Mr. Watson") and Plaintiff Linda Watson attended a funeral in Nash, Texas, after which they traveled in a multi-car funeral procession toward the graveside service in Texarkana, Arkansas. The funeral procession had a Texarkana, Texas Police Department escort up to the Arkansas state line. After crossing into Arkansas, there was no Arkansas police escort present, so the funeral director led the procession in a vehicle equipped with activated "white on blue" colored strobe lights and emergency flashers. Two other vehicles provided by the funeral home were also part of the procession and were equipped with the same colored strobe lights and emergency flashers.

The funeral procession continued to the intersection of Old Post Road and North Rondo Road/Highway 237 in Texarkana, Arkansas. A stop sign governs eastbound traffic on Old Post Road. No stop sign governs free-flowing, southbound traffic on North Rondo Road. The procession traveled east on Old Post Road and reached the stop sign at the intersection. The funeral director, in the lead car, reached the stop sign, traveled through the intersection, and proceeded to the cemetery.

As part of the procession, Mr. Watson and Plaintiff Linda Watson also approached the intersection in their vehicle. At the same time, Defendant Alexander, acting in the course and scope of his employment with Defendant Southwest Arkansas Electrical Cooperative Corporation, was driving southbound on North Rondo Road, approaching the intersection at an average speed between thirty-four and forty miles per hour. Defendant Alexander witnessed the vehicle in front of the Watsons pass through the intersection without stopping at the stop sign. Witness accounts differ as to whether Mr. Watson stopped his vehicle at the stop sign, but it is undisputed that Mr. Watson's vehicle proceeded into the intersection and was struck by Defendant Alexander's vehicle. Defendant Alexander's vehicle was traveling at forty-nine miles per hour at the time of the crash. Mr. Watson died at the scene of the crash.

On November 11, 2018, Plaintiffs filed this action, asserting claims of negligence, wrongful death, and survival. On November 5, 2019, Defendants filed the instant motion for summary judgment, contending that there is no genuine dispute of material fact and that they are entitled to summary judgment. Plaintiffs oppose the motion.

## II. STANDARD

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a

party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

As a preliminary matter, the Court must first address the parties' statements of fact. The Court may deem undisputed a movant's asserted fact if it is not properly controverted by the other party pursuant to Federal Rule of Civil Procedure Rule 56(c). Fed. R. Civ. 56(e); *see also* Local

Rule 56.1(c) (providing that a movant's asserted facts will be deemed admitted if they are not controverted by the nonmovant's own statement of disputed material facts). A party asserting a genuine dispute of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

Plaintiffs' statement of disputed facts fails to comport with these requirements. It sets out whether Plaintiffs dispute each of the numbered facts asserted in Defendants' statement of undisputed facts and argues that genuine disputes of material fact exist as to some, but it fails to cite to materials in the record or show that Defendants' cited materials do not establish the absence or presence of a genuine dispute. Plaintiffs' statement of disputed facts also set out twenty purported genuine issues of material fact that Plaintiffs contend should be submitted to the jury for resolution. This, however, is not the proper procedure for controverting the facts asserted by a summary judgment movant. Thus, the Court finds that Plaintiffs' statement of disputed facts has failed to properly controvert Defendants' asserted facts under Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. However, the Court does note that Plaintiffs' response brief contains a background section with several citations to the record. The Court will consider Plaintiffs' record cites to whatever extent they may serve to controvert Defendants' facts. *See Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994) (authorizing federal district courts to overlook violations of the local rules). Accordingly, all facts asserted in Defendants' statement of facts are deemed admitted for summary judgment purposes to the extent that they are not controverted by the record cites in Plaintiffs' supporting brief. *See Chaffin v. City of Fort Smith*, No. 2:05-cv-2061-JLH, 2005 WL 3805977, at *1 (W.D. Ark. Oct. 19, 2005).

The Court now turns to the instant motion. Defendants contend that they are entitled to summary judgment on Plaintiffs' claims because: (1) Defendant Alexander had the right to assume that Mr. Watson would obey the stop sign and yield to incoming traffic, and acting on that right does not constitute negligence; and (2) Mr. Watson did not have a superior right-of-way because the funeral procession did not have a valid funeral escort vehicle, as required by Arkansas law. Plaintiffs argue that neither argument provides a basis for granting summary judgment in Defendants' favor and, furthermore, a genuine dispute of material fact exists as to whether Defendant Alexander was negligent by violating company safety regulations. The Court will first address the argument regarding the validity of the funeral procession. If necessary, the Court will then address the remaining arguments.

**A. Whether Mr. Watson had a Superior Right-of-Way as Part of a Funeral Procession**

Plaintiffs allege that Defendant Alexander was negligent because he failed to properly respond and yield to a funeral procession as required by Arkansas law. Defendants contend that the funeral-home vehicle leading the procession was not a valid funeral escort vehicle equipped with "flashing, rotating, or oscillating purple lights," as described by Arkansas law. Rather, Defendants state that the procession's lead vehicle was equipped with "whitish blue" flashing strobe lights, which fails to comport with Arkansas law. Defendants also make a statutory construction argument that the procession did not have a superior right-of-way because the lead vehicle did not stop in the middle of the intersection to warn and halt traffic but, rather, drove through the intersection and continued to the gravesite.

In response, Plaintiffs argue that the funeral procession was valid because it had three vehicles equipped with "some shade of blue/purple/whitish strobe lights and emergency flashers." (ECF No. 17, p. 4). Plaintiffs ask, to the extent that Defendants suggest that the flashing strobe

5

lights did not fall within the color spectrum of purple, that the Court take judicial notice "that purple is defined as between blue and red and that there are at least 50 recognized shades of purple." (ECF No. 17, p. 4). Plaintiffs contend that the funeral procession was valid under Arkansas law and, consequently, a genuine issue of material fact exists as to whether Defendant Alexander negligently failed to yield to the procession.

A federal court sitting in diversity, like the Court in this case, must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, the Court must apply the substantive law of Arkansas. With exception of certain situations that are not applicable in this case, Arkansas law provides that a "funeral procession has the right-of-way at an intersection" and may proceed through intersections without stopping "after a funeral escort vehicle has proceeded into the intersection in compliance with any official traffic control device governing the traffic in the intersection." Ark. Code Ann. § 27-49-113(b)-(c). Arkansas defines a funeral procession as consisting of a "funeral escort vehicle" and one or more other vehicles accompanying the body or cremated remains of a deceased person from a location to the burial site. Ark. Code Ann. § 27-49-113(a)(2). A funeral escort vehicle "engaged in leading or escorting a funeral procession shall be equipped with flashing, rotating, or oscillating purple lights." Ark. Code Ann. § 27-36-306(a)(1).

Even if the Court was inclined to take judicial notice of the color spectrum of purple like Plaintiffs ask, there is no record evidence to establish that the lead vehicle in the procession (or any of the other vehicles provided by the funeral home) was equipped with "flashing, rotating, or oscillating *purple* lights." Ark. Code Ann. § 27-36-306(a)(1) (emphasis added). Plaintiffs' response brief describes the lead vehicle's flashing lights as "some shade of blue/purple/whitish," but Plaintiffs provide no evidence of this. Rather, the record establishes only that the lead vehicle's

6

flashing strobe lights were "whitish blue." (ECF No. 15-3, p. 7). Absent any evidence indicating otherwise, there is no dispute that the procession's lead vehicle, and the other funeral-home vehicles, lacked purple flashing lights, as required by the plain language of the Arkansas funeral procession statutes. Thus, the procession's lead vehicle was not a "funeral escort vehicle," as contemplated by Arkansas law. *See* Ark. Code Ann. § 27-49-113(a) (defining a funeral escort vehicle, in relevant part, as being equipped in accordance with Ark. Code Ann. § 27-36-306(a)(1), which requires "flashing, rotating, or oscillating purple lights"). Without a valid funeral escort vehicle, the procession in this case was not a funeral procession recognized by Arkansas law. *See* Ark. Code Ann. § 27-49-113(a)(2) (defining a funeral procession as consisting of a funeral escort vehicle and at least one other motor vehicle).

Plaintiffs are correct that a valid funeral procession ordinarily enjoys a superior right-of-way to other drivers at intersections. However, in light of the above ruling that Mr. Watson was not a part of a funeral procession as contemplated by Arkansas law, the Court finds unavailing Plaintiffs' argument that the procession gave Mr. Watson a superior right-of-way to Defendant Alexander at the intersection of Old Post Road and North Rondo Road/Highway 237. Consequently, this argument does not present a basis for denial of the instant summary judgment motion. The Court will now proceed to the parties' other arguments.[1]

### B. Plaintiffs' Negligence Claim

Defendants argue that summary judgment is proper because Mr. Watson was the proximate cause of the accident and because Defendant Alexander had no duty to ensure that other drivers who are governed by a stop sign would obey the stop sign and yield to incoming traffic. Plaintiffs disagree, contending that Defendant Alexander breached the duty to keep a proper lookout and to

---

[1] The Court's ruling on this issue makes it unnecessary to address the parties' other arguments related to funeral processions.

drive at a safe speed. Plaintiffs also contend that Defendant Alexander acted negligently because he violated company safety regulations that hold him to higher safety standards than ordinary drivers.

The Court first addresses the argument that Defendant Alexander was negligent for violating company safety regulations. Then, if needed, the Court will address the argument that Mr. Watson was the proximate cause of the accident and that Defendant Alexander did not violate a duty of care.

### 1. Internal Safety Standards

Plaintiffs state that Defendant Southwest Arkansas Electrical Cooperative Corporation requires its employees to adhere to safety standards requiring heightened caution when driving company vehicles. Plaintiffs argue that Defendant Alexander violated several of these safety standards, which demonstrates his negligence. Defendants contend that Arkansas courts have repeatedly rejected arguments seeking to use a company's internal safety policies to impose a higher safety standard than what otherwise exists by law.

Negligence "is the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do." *Schubert v. Target Stores, Inc.*, 2010 Ark. 466, 4, 369 S.W.3d 717, 719 (2010). "[A] negligent act arises from a situation where an ordinarily prudent person in the same situation would foresee such an appreciable risk of harm to others that he would not act or at least would act in a more careful manner." *White River Rural Water Dist. v. Moon*, 310 Ark. 624, 626, 839 S.W.2d 211, 212 (1992). To prevail on a claim of negligence, a plaintiff must prove: (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached that duty, and (3) that the breach was the proximate cause of the plaintiff's damages. *Branscumb v. Freeman*, 360 Ark. 171, 179, 200 S.W.3d 411, 416 (2004).

"Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other." *Yanmar Co. v. Slater*, 2012 Ark. 36, 16-17, 386 S.W.3d 439, 449 (2012). The question of what duty, if any, is owed "is always a question of law and never one for the jury." *Id.* at 17, 386 S.W.3d at 449. "Generally, internal policies should not create a legal duty where none exists." *Bedell v. Williams*, 2012 Ark. 75, 8, 386 S.W.3d 493, 500 (2012); *see also Ark. La. Gas Co. v. Stracener*, 239 Ark. 1001, 1005, 395 S.W.2d 745, 748 (1965) (holding that a company's "regulation does not itself establish a standard of care"); *Weisker v. Harvest Mgmt. Sub LLC*, 2016 Ark. App. 220, 3, 489 S.W.3d 696, 698 (2016) ("A company's practice or policies do not translate into a duty at law.").

Without citing to authority, Plaintiffs argue that Defendant Southwest Arkansas Electrical Cooperative Corporation's internal safety policies imposed on Defendant Alexander a higher standard of care than would be normally imposed on drivers. However, this argument ignores well-established Arkansas law holding that a company's internal policy cannot create a legal duty where none exists. *See, e.g.*, *Bedell*, 2012 Ark. at 8, 386 S.W.3d at 500. Plaintiffs direct the Court to no authority holding otherwise, and the Court is unaware of any such authority. Whether Defendant Alexander violated Defendant Southwest Arkansas Electrical Cooperative Corporation's internal safety policies or not, the law imposed on him the same duties and standards of care as any other driver. Accordingly, the Court rejects Plaintiffs' argument that Defendant Alexander was negligent based on his violation of internal safety policies.

### 2. Merits of Negligence Claim

This brings the Court to the last issue. As previously stated, Defendants advance two arguments on the merits of Plaintiffs' negligence claim: (1) that Mr. Watson was the proximate cause of the accident and (2) that Defendant Alexander had the right to assume that Mr. Watson

would obey the stop sign and yield to incoming traffic, and acting on that right does not constitute negligence. Plaintiffs argue that issues of material fact exist as to whether Defendant Alexander breached the duty to keep a proper lookout and drive at a safe speed, as evidenced by the fact that he sped up shortly before the crash and testified in his deposition that he did not see any vehicles in the procession other than the Watsons' and the vehicle immediately in front of them. The Court will first address the proximate cause argument and, if necessary, will then take up the duty-of-care argument.

Defendants argue that Mr. Watson was the proximate cause of the accident, as evidenced by the fact that he was governed by a stop sign while Defendant Alexander was not. Defendants argue that, regardless of whether Mr. Watson stopped at the stop sign, the evidence shows that he failed to yield to Defendant Alexander and, thus, proximately caused the accident. (ECF No. 14, p. 6). Plaintiffs do not appear to respond to this argument. At most, their arguments seem to relate to what duty of care Defendant Alexander owed to Mr. Watson.

The Court assumes that Plaintiffs have abandoned and waived any argument as to proximate cause because they did not respond to Defendants' summary judgment arguments on that issue. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."); *Chipman v. Cook*, No. 3:15-cv-143-KGB, 2017 WL 1160585, at *7 (E.D. Ark. Mar. 28, 2017) (finding that failure to address a summary judgment argument on a particular claim is a waiver of that claim). Accordingly, the Court finds that Plaintiffs have failed to demonstrate a genuine issue of material fact on the issue of causation and, thus, their negligence claim fails as a matter of law. However, even if the Court were to find that Plaintiffs responded to Defendants' proximate cause arguments, Plaintiff's negligence claim nonetheless fails for the following reasons.

Proximate causation is an essential element for a cause of action in negligence. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 8, 422 S.W.3d 116, 121. "Proximate cause means a cause which, in a natural and continuance sequence, produces damage and without which the damage would not have occurred." *Moon*, 310 Ark. at 627, 839 S.W.2d at 212. "Although proximate causation is usually a question of fact for a jury, where reasonable minds cannot differ, a question of law is presented for determination by the court." *Neal*, 2012 Ark. 328 at 8, 422 S.W.3d at 121. Failure to present evidence on proximate cause is fatal to a negligence claim. *Id.*

Arkansas law "requires more than a mere possibility that certain injuries resulted from negligence; rather, a reasonable probability must be established." *Arthur v. Zearley*, 337 Ark. 125, 135, 992 S.W.2d 67, 73 (1999). Thus, proof of causation must rise above the level of speculation and conjecture. *Id.* In other words, proof on causation "must be such that a reasonable person might conclude that it is more probable than not that an event was caused by the defendant." *Id.* The jury cannot be "left to speculation and conjecture in deciding between two equally probable possibilities." *St. Paul Fire & Marine Ins. Co. v. Brady*, 319 Ark. 301, 306, 891 S.W.2d 351, 353-54 (1995).

Defendants' argument on proximate cause relies primarily on *Davis v. Schneider National, Incorporated*, a negligence case involving an automobile collision. In that case, the defendant was driving on a highway that was not governed by a stop sign. *Davis v. Schneider Nat'l, Inc.*, 2013 Ark. App. 737, 1, 431 S.W.3d 321, 323 (2013). The plaintiff was driving on a county road that intersected with the highway, with a stop sign governing the county road at the intersection. *Id.* The plaintiff proceeded onto the highway as the defendant approached the intersection and their vehicles collided. *Id.* The trial court granted summary judgment in the defendant's favor, finding that the plaintiff failed to establish the element of proximate cause because the evidence showed

11

that the plaintiff either failed to stop at the stop sign or failed to yield the right of way. *Id*. at 3, 431 S.W.3d at 232. On appeal, the Arkansas Court of Appeals affirmed, noting the well-established law in Arkansas that "a driver using a through street or highway has a right to assume, until the contrary is or reasonably should be apparent, that another driver will obey a stop sign." *Id.* at 8, 431 S.W.3d at 326. The appeals court found no material issue of fact that the defendant was using a through highway and that the plaintiff had the duty to yield at the intersection, which she failed to do. *Id.* at 9, 431 S.W.3d at 326. Accordingly, the appellate court held that the plaintiff was the proximate cause of the accident and that summary judgment was properly granted in the defendant's favor. *Id.*

The circumstances surrounding the collision in this case are similar to those in *Davis* in nearly all material aspects. Like in *Davis*, Defendant Alexander was proceeding on a highway that was not governed by a stop sign. Mr. Watson was driving on a street that intersected the highway and was governed by a stop sign at the intersection. Defendant Alexander, as the driver using a highway, had the "right to assume, until the contrary is or reasonably should be apparent," that Mr. Watson would obey the stop sign. *Id.* at 8, 431 S.W.3d at 326. Defendant Alexander, "the favored driver, was not required to slow down or bring his vehicle under such control as to be able to stop in order to avoid a collision." *Id.* Regardless of whether Mr. Watson came to a complete stop at the stop sign, "there is no material issue of fact that [Defendant Alexander] was using a through highway and that [Mr. Watson] had the duty to yield at the intersection, which [he] failed to do." *Id.* at 9, 431 S.W.3d at 326. Thus, Mr. Watson was the proximate cause of the collision. *Id.*

Plaintiffs' negligence claim fails because they have not satisfied all requisite elements required under Arkansas law.[2] *Neal*, 2012 Ark. 328 at 8, 422 S.W.3d at 121. Consequently, the Court finds that Plaintiffs have failed to demonstrate a genuine dispute of material fact and, accordingly, Defendants are entitled to summary judgment as a matter of law.[3]

### IV. CONCLUSION

For the above-discussed reasons, the Court finds that Defendants' motion for summary judgment (ECF No. 13) should be and hereby is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A Judgment of even date shall issue.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] In light of this finding, it is unnecessary to address the parties' arguments regarding what duty of care, if any, Defendant Alexander owed and/or breached.

[3] Although the instant motion only discusses Plaintiffs' negligence claim, Defendants ask for dismissal of all claims, which necessarily includes Plaintiffs' wrongful death and survival claims. "A wrongful death action is derivative in nature from the original tort, and where the underlying tort action is no longer preserved, the wrongful death action is barred as well." *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 475, 199 S.W.3d 45, 48 (2004). As discussed above, Defendants are entitled to summary judgment on Plaintiffs' negligence claim. Without an underlying tort, Plaintiffs' wrongful death and survivor claims necessarily fail as a matter of law and should be dismissed. *See Day v. United States*, 865 F.3d 1082, 1088 (8th Cir. 2017) (applying Arkansas law and affirming the dismissal of wrongful death and survival claims when the underlying tort had been dismissed).